# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEANNA E. ASH,[1]
         Appellant,

v.

DEPARTMENT OF THE AIR FORCE,
         Agency.

DOCKET NUMBER
PH-0752-13-4234-I-1

DATE: September 11, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

Deanna E. Ash, Nassau, Delaware, pro se.

Velma C. Gay, Joint Base Andrews, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for failure to prosecute. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material

---

[1] Pursuant to 5 C.F.R. § 1201.36(a), this appeal was part of a consolidation. *Dover AFB HR2 v. Department of the Air Force*, MSPB Docket No. PH-0752-13-5962-I-1.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2      On May 28, 2013, the agency proposed to furlough the appellant, a Secretary, for no more than 11 workdays due to "the extraordinary and serious budgetary challenges facing the Department of Defense . . . for the remainder of Fiscal Year . . . 2013, the most serious of which is the sequester that began on 1 March 13." Initial Appeal File (IAF), Tab 2 at 8, 12-13. It does not appear that the appellant responded to the proposal notice. *Id.* at 4. By written notice dated June 24, 2013, the agency's deciding official informed the appellant that she would be furloughed as outlined in the proposal notice. *Id.* at 9-11. The record includes a Standard Form 50 reflecting the appellant's furlough, effective July 8, 2013, on discontinuous days between July 8, 2013, and September 30, 2013. *Id.* at 8.

¶3      The appellant filed a Board appeal challenging the agency's furlough action, and she requested a hearing. IAF, Tab 1. In a consolidation order, the administrative judge informed the appellant that her appeal had been consolidated

with the appeals of similarly situated employees. *Dover AFB HR2 v. Department of the Air Force*, MSPB Docket No. PH-0752-13-5962-I-1, Consolidation Appeal File (CAF), Tab 2. In a hearing scheduling order, the administrative judge ordered the appellant to file a prehearing submission by March 10, 2015, and to participate in a prehearing teleconference on March 17, 2015. CAF, Tab 18. The apellant failed to file a prehearing submission or attend the prehearing teleconference. IAF, Tab 3. In an order and summary of the prehearing conference, the administrative judge informed the appellant that "[i]f an appellant does not attend the hearing on April 2, 2015, then his or her appeal will be dismissed for having failed to prosecute it unless good cause justifying the absence is shown." CAF, Tab 29 at 2. She did not attend the hearing. IAF, Tab 3. Finally, in a show cause order, the administrative judge ordered the appellant to file argument and evidence showing good cause for failing to appear at the hearing. *Id.* The administrative judge warned the appellant that if she did not respond to the order, then he may determine that she had abandoned her appeal and the appeal would be dismissed for lack of prosecution under 5 C.F.R. § 1201.43(b). *Id.* The appellant failed to respond to the show cause order. On April 28, 2015, the administrative judge issued an initial decision dismissing the appeal for failure to prosecute. IAF, Tab 4, Initial Decision (ID) at 1, 3.

¶4    The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. Her brief petition for review consists of the following: "I'm not sure what if anything I am supposed to do. I have only received one e-mail and it said I had until Jun [sic] 15 to answer. Please let me know what I am supposed to do because nothing tells me what I need to do." *Id.* at 3. The agency has responded in opposition. PFR File, Tab 4.

¶5    The sanction of dismissal with prejudice may be imposed if a party fails to prosecute or defend an appeal. *Leseman v. Department of the Army*, 122 M.S.P.R. 139, ¶ 6 (2015); 5 C.F.R. § 1201.43(b). Such a sanction should be imposed only when a party has failed to exercise basic due diligence in

complying with Board orders, or has exhibited negligence or bad faith in its efforts to comply. *Id.* Repeated failure to respond to multiple Board orders can reflect a failure to exercise basic due diligence. *Williams v. U.S. Postal Service*, 116 M.S.P.R. 377, ¶ 9 (2011). Absent an abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *Leseman*, 122 M.S.P.R. 139, ¶ 6.

¶6    In *Leseman*, the appellant in another consolidated furlough appeal failed to appear for the scheduled status conference and prehearing conference, failed to submit a close of record submission, and failed to respond to the administrative judge's show cause order, despite being warned that her failure to participate in the appeal could result in the dismissal of her appeal with prejudice. *Id.*, ¶ 7. The Board found that the appellant in *Leseman* failed to exercise due diligence in prosecuting her appeal because she failed to take any steps to pursue her appeal until she filed her petition for review, and the Board affirmed the administrative judge's decision to dismiss the furlough appeal for failure to prosecute. *Id.*

¶7    The circumstances of the instant appeal are very similar to those in *Leseman*. Because there is no evidence that the appellant took any steps to pursue her appeal until she filed her petition for review, and she was warned that her failure to provide a prehearing submission, attend the prehearing conference, attend the hearing, and respond to the show cause order could result in the dismissal of her appeal for lack of prosecution, we find that the appellant did not exercise due diligence in prosecuting her appeal. We therefore affirm the administrative judge's decision to dismiss the appeal for failure to prosecute. *See id.* The appellant's single assertion on review, that she is unsure of how to proceed in her appeal, without more, does not persuade us that the administrative judge abused his discretion.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services

provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:     _____
            William D. Spencer
            Clerk of the Board

Washington, D.C.